## In re CORWIN MFG. CO.

(District Court, D. Massachusetts. March 18, 1910.)

No. 15,211.

BANKRUPTCY (§ 76*)—PETITION—RIGHTS OF PETITIONER.

Where an involuntary bankruptcy petition was filed against the alleged bankrupt by a tax collector, but failed to allege that at the date of the petition the taxes had remained unpaid for three months after being committed to the collector, which, under the Massachusetts law,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**was essential to entitle the collector to maintain an action for the taxes, it did not show that the collector had a provable claim sufficient to authorize him to file the petition.**

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 76.*]

In the matter of bankruptcy proceedings against the Corwin Manufacturing Company. On petition for adjudication. Dismissed.

The following is the report of Wm. Perry, Referee:

It appears from the evidence that the Vaughn Machine Company was a corporation formed under the laws of West Virginia, and that long before these proceedings it legally changed its name to the Corwin Manufacturing Company. The petition against it should therefore be dismissed, and it is agreed by both parties that this may be done, without costs to either side.

The petition against the Corwin Manufacturing Company is brought by Woods, as tax collector of the town of Peabody, is dated September 2. 1909, and was filed September 3. 1909.

It alleges that the corporation owes him $4.171.67 for taxes assessed on the real estate of said corporation by the assessors of the town for the years 1908 and 1909, and $4,343.24 for taxes on its personal property for the same years.

The act of bankruptcy relied on in the petition is the recording of a mortgage of all its personal property to the Old Colony Trust Company, dated August 20, 1901, and recorded in the town clerk's office, Peabody, July 21, 1909, by which recording a preference, it is alleged, was created in favor of the Old Colony Trust Company.

The alleged bankrupt in its answer denies that it has had a place of business in this district for the six months preceding the petition, avers that proper service was not made on it, denies that it was engaged in any business within six months that would render it subject to the act, denies the authority of Woods to bring this petition, and lastly denies that the petitioner or the town of Peabody was a creditor at the time on which the alleged act of bankruptcy was committed.

The averment that proper service was not made upon it may be dismissed, for the reason that the corporation appeared and answered to the petition, and this cured any defect in the service.

Another of the answers raises a pure question of law, and that is: Has Wood legal power to bring this petition? The petitioner relies on section 33, pt. 2, c. 490, of the Acts of 1909. This reads: "If a tax remains unpaid for three months after it has been committed to the collector, he may maintain an action in his own name against the person assessed therefor in the same manner as for his own debt."

The Supreme Court of Massachusetts has uniformly held that this power given to the collector of taxes is strictly statutory, that the law gives him no powers for the collection of taxes other than are given by statute, and that he must bring himself clearly within the statute, in order to maintain an action. Crapo v. Stetson, 8 Metc. (Mass.) 393; Ricker v. Brooks, 155 Mass. 400, 29 N. E. 534; Harrington v. Glidden, 179 Mass. 486 (see page 494), 61 N. E. 54, 94 Am. St. Rep. 613.

In Ricker v. Brooks the lack of an allegation that the taxes had remained unpaid for three months after committal was held fatal. Here there is no such allegation. The petition should therefore be dismissed, on the ground that the petitioner has not brought himself by his pleadings within the statute.

Before discussing the other defenses, the following findings of fact are made:

The Vaughn Machine Company, on August 20, 1901, mortgaged all its personal property to the Old Colony Trust Company to secure an issue of bonds. At this time it was solvent, but it was insolvent on July 21, 1909, the date this mortgage was recorded.

The Vaughn Machine Company on April 8, 1903, made a supplementary mortgage of this personal property to the Trust Company. This mortgage was duly recorded April 17, 1903. On these dates the Vaughn Machine Com-

pany was solvent. The personal property covered by these mortgages remains to-day substantially the same as when mortgaged.

In 1905 the bankrupt's name was changed to the Corwin Manufacturing Company. In 1907 the Corwin Manufacturing Company' leased its plant in Peabody to the Machines Sales Company, and thereafter did no manufacturing. This lease was terminated by agreement on or about June 1, 1909, and the Old Colony Trust Company placed an agent there to look after its interests.

For six months preceding the date of the petition some $4,500 worth of the personal property of the Corwin Company was sold. Some of this was part of its plant, some was material bought by the company to use in manufacturing, and not so used, and some was its manufactured product. I find that all these sales were made for the purpose of closing up its affairs, and that payment for about one-half of this amount was made directly to the Trust Company.

The alleged bankrupt had no other place of business. Its books, such as were necessary, were kept in Peabody. It is therefore found that this jurisdiction is the proper one in which to bring bankruptcy proceedings, and that this petition should not be dismissed, because the company had stopped manufacturing. It still was selling, and therefore was engaged in a mercantile pursuit, although this selling was for the purpose of winding up. Its books were kept in Peabody, and its place of business, if anywhere, was in Peabody.

In the latter part of July, 1909, the Trust Company foreclosed a real estate mortgage. It also foreclosed upon the property mortgaged to it in the first and second mortgages, by taking formal possession of the same for breach of the conditions thereof. As said above, these two mortgages covered the same property. The first, given in 1901, was not recorded until August, 1909. The second, given in 1903, was duly recorded, in accordance with the laws of this commonwealth.

If it were not for this second mortgage, a nice question would be presented for determination, as to whether or not the recording of the first mortgage was an act of bankruptcy; but, because of the second mortgage, there seems to be no need of discussing the law upon this point.

Even if the contention of the petitioner is admitted, and the recording of such a mortgage as this is an act of bankruptcy under ordinary circumstances, yet this case is to be differentiated from the ordinary one.

Here the Trust Company had simultaneously foreclosed two mortgages on the same property, one of which was perfectly good against all the world. Because of this mortgage no creditor of the Corwin Company could resort to the property covered by it for payment of his claim.

The foreclosure of and the recording of the mortgage in question neither added to the rights of the Trust Company nor detracted from the rights of the unsecured creditors of the Corwin Company. It was a mere nullity, and its foreclosure and recording had no effect whatever.

In other words, the foreclosure under and recording of this mortgage did not create a preference in favor of the Trust Company over other creditors of the same class.

It is therefore found that this petition against the Corwin Manufacturing Company should be dismissed, for two reasons: (1) Because the petitioner has not by proper allegations shown that he has a right to bring the petition. (2) Because the recording alleged to be the act of bankruptcy did not operate to create a preference in favor of the Old Colony Trust Company over other creditors of the same class.

S. Howard O'Donnell, for petitioning creditor.

Warren, Garfield, Whiteside & Lamson and Clement R. Lamson, for alleged bankrupt.

DODGE, District Judge. This petition was filed September 3, 1909. It is brought by one alleged creditor only, and alleges that the company's creditors are less than 12 in number. The petitioning creditor is Patrick J. Woods, tax collector of the town of Peabody,

Mass. The claim he states is for taxes assessed on the company's real and personal property at Peabody for 1908 and 1909. The act of bankruptcy alleged is the recording of a mortgage in the office of the town clerk of Peabody on July 21, 1909. The mortgage referred to is a mortgage of all the company's personal property to the Old Colony Trust Company, dated August 20, 1901. It is alleged that the recording of this mortgage amounted to a transfer of the property with intent to prefer the Old Colony Trust Company as a creditor.

The answer of the company, among other things, denies that the petitioner is a creditor capable of maintaining the petition and denies the commission of the alleged act of bankruptcy.

Under a reference to ascertain and report the facts, the referee has found in favor of the company upon both the questions thus raised. There appears to have been no dispute as to the facts. The referee held that though the petitioner is tax collector, and though taxes are due from the bankrupt to the amount set forth, yet the petitioner is not shown to have been a creditor entitled to maintain an involuntary petition, because there is no allegation that at the date of the petition the taxes had remained unpaid for three months after being committed to the collector. Without this, the collector has no provable claim against the bankrupt, because he cannot maintain an action. This is clear upon the Massachusetts statute and decisions which the referee has cited. There are no rights upon which he can rely in this case, except such as the Massachusetts statutes give him.

The referee also held that, even if the collector could maintain the petition, the facts show that the recording of the mortgage alleged was not a preference, and not an act of bankruptcy. I think this conclusion also right, for the reasons stated in the report.

The petition is to be dismissed.